## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DEBRA WOOD,**

    **Plaintiff,**

**vs.**               **Case No. 8:06-CV-687-T-27TBM**

**CELLCO PARTNERSHIP, d/b/a**
**VERIZON WIRELESS,**

    **Defendant.**

_____/

### ORDER

**BEFORE THE COURT** are Plaintiff's Motion to Reconsider, Alter and Amend the Order and Judgment (Dkt. 83) and Defendant's Response (Dkt. 87). Upon consideration, Plaintiff's motion is **DENIED**.

Plaintiff seeks reconsideration of this Court's January 23, 2008 Order granting Defendant's motion for summary judgment.[1] Plaintiff contends reconsideration is appropriate because this Court (a) mis-applied the holding in *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001), (b) failed to view the facts in the light most favorable to Plaintiff, and (c) overlooked material facts. (Dkt. 83, p. 2). A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. FED. R. CIV. P. 59. It should be used in order to prevent manifest

---

[1] The January 23, 2008 Order (Dkt. 81) adopted in part and rejected in part the magistrate judge's Report and Recommendation (Dkt. 64) on Defendant's motion for summary judgment (Dkt. 23). Plaintiff seeks reconsideration of this Court's ruling that Plaintiff did not establish a *prima facie* case of retaliation because she failed to establish a causal connection between her complaints of discrimination and the alleged adverse employment action.

1

injustice.  However, it is an extreme measure and substantial discretion rests with the court in granting such a motion.  *See e.g., O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("The decision to alter or amend a judgment is committed to the sound discretion of the district court."); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).

Plaintiff fails to explain how this Court misapplied the holding in *Clark*.  Plaintiff's argument that the facts of this case are distinguishable from the facts in *Clark* is unpersuasive.  The undisputed testimony demonstrates that in late 2003 or early 2004, Defendant decided to implement a business realignment plan which contemplated transfers of national accounts, such as the Nielsen Account, from Business Account Executives, such as Plaintiff, to National and Major Account Managers. (Lanman Depo., pp. 25, 30-36).  Plaintiff testified that as of September 16 and 17, 2004, she was aware that Defendant decided to change its sales strategy and knew the new business plan called for the reassignment of the Nielsen Account.  (Wood Depo., p. 532).  Plaintiff did not complain about discrimination until September 23, 2004, many months after Defendant decided to implement the new business plan.

Plaintiff's contention that Defendant did not notify Plaintiff of the transfer and did not officially transfer the Nielsen Account until after Plaintiff complained of discrimination does not create a disputed  issue of material fact.  As this Court explained in its January 23, 2008 Order, the exact date when the final decision to transfer the Nielsen Account was made is not material.  As in *Clark*, here, the undisputed evidence demonstrates that Defendant contemplated the transfer of the

2

Account many months prior to Plaintiff's complaint. Under these facts, Defendant was not required to suspend its business realignment plan or grant Plaintiff's request for an exception to the plan simply because Plaintiff voiced complaints of discrimination after Defendant decided to transfer national accounts, but before the Nielsen Account was transferred. *See Clark*, 121 S.Ct. at 1510-11 ("Employers need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitely determined, *is no evidence whatsoever of causality*.") (emphasis added).

In support of reconsideration, Plaintiff argues that the lapse in time between Defendant's decision to implement the new business plan and the actual transfer of the Nielsen Account demonstrates a retaliatory motive. Plaintiff's argument is not persuasive, nor is it supported by any record evidence. The record demonstrates that the transition of accounts impacted numerous accounts, specifically "the entire business sales organization," approximately "85 to 90 [sales] people," and occurred over "a good part of 2004." (Lanman Depo., p. 44). Moreover, the delay in finalizing the transfer of the Nielsen Account makes sense in light of Plaintiff's temporary absence in 2004 due to disability and her requests for permission to keep the Nielsen Account upon her return to work. (Orr Depo., pp. 120-21).

Plaintiff's attempt to prove a causal connection through comparator evidence likewise fails. Plaintiff testified that other Business Account Executives, such as Russ Cuccia, Gary Mariano, and Colette Harper, were permitted to keep their national accounts despite implementation of the new business plan. (Wood Depo., pp. 18, 34, 52-53, 474). Plaintiff's testimony, however, falls short of demonstrating a causal connection or raising an inference of retaliatory motive. While Defendant's Rules of Engagement provided that "[e]xtenuating circumstances may dictate that an existing

3

National Account remain with a [Business Account Executive] . . . ," Plaintiff fails to demonstrate that the "extenuating circumstances" under which Cuccio, Mariano, and Harper were allegedly permitted to keep their accounts were sufficiently similar to the circumstances surrounding Plaintiff and the Nielsen Account.

Moreover, Plaintiff fails to rebut Defendant's evidence that Cuccia's and Mariano's accounts were not national accounts, but were major, government, or national receiver accounts and subject to different treatment under the Rules of Engagement. (Orr Depo., pp. 124-28). The fact that the Rules of Engagement left some discretion to the decision makers and that the decision makers may have exercised that discretion with regard to certain accounts does not raise an inference of retaliation absent proof that Plaintiff was treated differently despite similar circumstances. *See Silvera v. Orange County School Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001) ("[e]xact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, apples should be compared to apples") (quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 19 (1st Cir. 1989)).[2]

Simply put, Plaintiff has not established that Defendant acted contrary to its policies regarding the transferring of national accounts. Nor has Plaintiff established that the decision makers acted with retaliatory animus when they decided that the circumstances did not warrant Plaintiff retaining the Nielsen Account, but permitted Plaintiff to receive credit for Nielsen activations for several months after the reassignment. Courts "are not in the business of adjudging whether employment decisions are prudent or fair." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196

---

[2] In *Silvera*, the court evaluated comparator evidence presented for the purpose of establishing pretext. However, the requirements of comparator evidence equally apply here, where Plaintiff presents the evidence to raise an inference of retaliation.

F.3d 1354, 1361 (11th Cir.1999) "Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Id.* Plaintiff, therefore, fails to set forth facts or law of a strongly convincing nature to induce this Court to reconsider its prior conclusion that Plaintiff failed to establish a *prima facie* case of retaliation.[3]   Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Reconsider, Alter and Amend the Order and Judgment (Dkt. 83) is **DENIED**.

**DONE AND ORDERED** in chambers this 24th day of April, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[3]  Plaintiff's additional arguments concerning the factors considered by the decision makers, Young's alleged influence on the decision makers, and Young's alleged failure to recommend Plaintiff remain involved on the Nielsen Account have been previously considered and disposed of by this Court. (Dkt. 81, pp. 4-5, 11).  Plaintiff's contention that this Court overlooked these arguments is simply without merit.